IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAPLH HAACK,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 12-0098<br><br>**DEFENDANT CDCR'S F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 6.) |

### INTRODUCTION

Defendant California Department of Corrections and Rehabilitation ("CDCR") seeks to dismiss plaintiff Steven Ralph Haack's ("Mr. Haack's") employment termination claims as legally barred by immunities. Mr. Haack filed no papers to oppose CDCR's dismissal. This Court considered CDCR's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the February 23, 2012 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES CDCR.

### BACKGROUND[1]

#### Mr. Haack's CDCR Employment

CDCR employed Mr. Haack as a corrections officer for more than 14 years at its substance abuse and treatment facility in Corcoran, California. On November 24, 2009, Mr. Haack was arrested and later

---

[1] The factual recitation is derived generally from Mr. Haack's Complaint for Damages ("complaint"), the target of CDCR's attacks.

1

placed on administrative leave.  The complaint alleges that Mr. Haack's employment was terminated subsequently "due solely to the fact that he had been arrested."

### Mr. Haack's Criminal Prosecution

On November 30, 2009, a Tulare Superior Court criminal action was filed against Mr. Haack to include counts for possession of an illegal assault weapon and child endangerment.  On November 4, 2010 at the fourth day of trial, all criminal charges against Mr. Haack were dismissed by the court for lack of substantial evidence or by the District Attorney's motion.

### Mr. Haack's Claims

The complaint alleges that although the charges against Mr. Haack were "false and spurious," CDCR terminated Mr. Haack "in clear violation of the fundamental public policy and presumption, under both Federal and State law, of his innocence prior to the contrary being proven."  The complaint alleges a (first) 42 U.S.C. § 1983 ("section 1983") claim that Mr. Haack's termination without cause "constituted a deprivation of property . . . without any of the prior procedural safeguards required by due process."  The section 1983 claim accuses CDCR of malice to support punitive damages.

The complaint's (second) wrongful termination in violation of public policy claim ("*Tameny* claim") alleges that CDCR's termination of Mr. Haack "violated a fundamental public policy . . . that a suspect is presumed to be innocent prior to the contrary being proven."[2]

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

The CDCR contends it is immune to the complaint's claims to warrant their dismissal.

"When a federal court reviews the sufficiency of a complaint, before the reception of any

---

[2] The complaint's second claim arises under *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 172, 164 Cal.Rptr. 839, 842 (1980) ("an employer's traditional authority to discharge an at-will employee may be limited by statute . . . or by considerations of public policy").  There can be no right to terminate for an unlawful reason or purpose that contravenes fundamental public policy. *Silo v. CHW Med. Found.*, 27 Cal.4th 1097, 1104, 119 Cal.Rptr.2d 698, 703 (2002). "It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action." *Barton v. New United Motor Manufacturing, Inc.*, 43 Cal.App.4th 1200, 1205, 51 Cal.Rptr.2d 328 (1996); *Cabesuela v. Browning-Ferris Industries of Cal., Inc.*, 68 Cal.App.4th 101, 107, 80 Cal.Rptr.2d 60 (1998).  A plaintiff's remedy is a common law tort action: "A wrongful act committed in the course of a contractual relationship may afford both tort and contractual relief." *Tameny*, 27 Cal.3d at 174-175, 164 Cal.Rptr. at 843.

evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under

some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). An "immunity may be asserted by a Rule 12(b)(6) motion, in which we ask if the allegations of the complaint disclose activities protected by absolute immunity." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).

4

With these standards in mind, this Court turns to CDCR's challenges to the complaint's claims.

## Section 1983 Persons

CDCR argues that it does not qualify as a "person" under section 1983 to subject CDCR to section 1983 liability.

### *Section 1983 Requirements*

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042 (1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 996 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker,* 443 U.S. at 140, 99 S.Ct. 2689 (1979). Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 813 (1994). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146, 99 S.Ct. 2689.

### *States Not Persons*

"We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989) (holding applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes"). "State agencies (such as Caltrans) are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *See Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997) ("a suit

against a state official in his official capacity is no different from a suit against the State itself. . . Therefore, state officials sued in their official capacities are not "persons" within the meaning of § 1983").

CDCR is correct that as an arm of the State of California, CDCR is not subject to section 1983 claims.

### **Public Entity Immunity**

CDCR argues that immunity under California Government Code section 815 ("section 815") shields CDCR from the complaint's *Tamney* claim.

The California Government Claims Act ("Claims Act"), Cal. Gov. Code, §§ 810, et seq., does not provide that a public entity is liable for its own conduct or omission to the same extent as a private person or entity. *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1128, 119 Cal.Rptr.2d 709, 722 (2002). California Government Code section 815(a) provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute."

"The general rule in California is sovereign immunity. Public entities have liability for injury only when that liability has been assumed by statute." *Davis v. City of Pasadena*, 42 Cal.App.4th 701, 704, 50 Cal.Rptr.2d 8 (1996). Section 815 "abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation. . . . [T]he practical effect of this section is to eliminate any common law governmental liability for damages arising out of torts." Cal. Gov. Code, § 815 Leg. Comm. Comments – Senate.

Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679 (1993); *see Becerra v. County of Santa Cruz*, 68 Cal.App.4th 1450, 1457, 81 Cal.Rptr.2d 165 ("in absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable"); *Michael J. v. Los Angeles County Dept. of Adoptions*, 201

1  Cal.App.3d 859, 866, 247 Cal.Rptr. 504  (1988) ("Under the Act, governmental tort liability must be
2  based on statute; all common law or judicially declared forms of tort liability, except as may be required
3  by state or federal Constitution, were abolished.")

4  In *Cochran v. Herzog Engraving Co.*, 155 Cal.App.3d 405, 409, 205 Cal.Rptr. 1 (1984), the
5  California Supreme Court explained the absence of a public entity's common law liability:

> . . . under the statutory scheme in California, all government tort liability must be based on statute. . . . Government Code section 815, enacted in 1963, abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable. Moreover, under subdivision (b) of section 815, the immunity provisions of the California Tort Claims Act will generally prevail over any liabilities established by statute. . . . In short, sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute.

A court first determines whether a statute "imposes direct liability" on a defendant public entity. *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1111, 16 Cal.Rptr.3d 521, 547 (2004). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183, 80 P.3d 656 (2003).  "In the absence of a constitutional requirement, public entities may be held liable only if a statute (not including a charter provision, ordinance or regulation) is found declaring them to be liable. . . . [T]he practical effect of this section is to eliminate any common law governmental liability for damages arising out of torts." *Thompson v. City of Lake Elsinore*, 18 Cal.App.4th 49, 62, 22 Cal.Rptr.2d 344 (1993).

In addition, although "public entities always act through individuals, that does not convert a claim for direct negligence into one based on vicarious liability." *Munoz*, 120 Cal.App.4th at 1113, 16 Cal.Rptr.3d 521.

CDCR challenges the complaint's *Tamney* claim as "a common law tort that is not provided for by statute, but was judicially created" to render CDCR immune to the *Tamney* claim under section 815. *See Miklosy v. Regents of University of California*, 44 Cal.4th 876, 899, 188 P.3d 629 (2008); *Palmer v. Regents of University of California,* 107 Cal.App.4th 899, 909, 132 Cal.Rptr.2d 567 (2003) ("Because the 'classic Tameny cause of action' is a common law, judicially created tort ... and not authorized by

statute, it is not properly asserted against the Regents.")

CDCR is correct that the complaint's *Tamney* claim against CDCR is barred as a common law claim to warrant its dismissal as to CDCR.

### **Punitive Damages**

CDCR challenges the complaint's (first) section 1983 claim's attempt to recover punitive damages as unavailable against a public entity.

Generally, punitive damages are not allowed against a municipality unless expressly authorized by statute. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-260, 101 S.Ct. 2748 (1981) ("Judicial disinclination to award punitive damages against a municipality has persisted to the present day in the vast majority of jurisdictions.") A "municipality is immune from punitive damages under 42 U.S.C. § 1983." *Fact Concerts*, 453 U.S. at 271, 101 S.Ct. 2748.

Under California Government Code section 818, "a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." "California Government Code § 818 bars any award of punitive damages against a public entity." *Westlands Water Dist. v. Amoco Chemical Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991).

CDCR is not subject to punitive damages, especially in the absence of viable underlying claims against CDCR.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against CDCR;
2. DIRECTS the clerk to enter judgment in favor of defendant California Department of Corrections and Rehabilitation and against plaintiff Steven Ralph Haack in that there is no just reason to delay to enter such judgment given that Mr. Haack's claims against CDCR and its alleged liability are clear and distinct from claims against and liability of other defendants. *See* F.R.Civ.P. 54(b); and

/ / /

/ / /

3.        FURTHER DIRECTS the clerk not to close this action.

IT IS SO ORDERED.

Dated:     February 21, 2012                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE