# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RALPH HAACK, | 1:12-cv-00098 LJO GSA |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*, | |
| Defendants. | |

Following removal from state court in January 2012, this case was set for an Initial Scheduling Conference on March 27, 2012, at 9:30 a.m. in Department 10 of this Court. (*See* Doc. 2.)

On January 25, 2012, Defendant California Department of Corrections and Rehabilitation ("CDCR") filed a Motion to Dismiss. (Doc. 6.) No other named defendants had been served with the summons or complaint.

On February 21, 2012, District Judge Lawrence J. O'Neill dismissed the action, with prejudice, against CDCR and directed that judgment be entered in its favor against Plaintiff. (Doc. 7.)

1

In light of the foregoing, and because no other named defendant is believed to have been served with the summons and complaint, nor has any other named defendant appeared in this action, the Initial Scheduling Conference of March 27, 2012, was converted to a Status Conference. Moreover, in its minute order, the Court specifically advised that "Plaintiff's counsel shall address the status of service of the remaining defendants in this matter" on that occasion. (*See* Doc. 10.)

Nevertheless, on March 27, 2012, counsel for Plaintiff Steven Ralph Haack did not appear at the Status Conference on behalf of his client.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Plaintiff is **ORDERED** to file a written response on or before **April 2, 2012**, to show cause, if any, why this action should not be dismissed for a failure to follow a Court order. Failure to respond to this Order to Show Cause within the time specified may also result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 27, 2012**                             /s/ Gary S. Austin
                                                  UNITED STATES MAGISTRATE JUDGE