# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RALPH HAACK,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION, *et al.*,<br><br>          Defendants. | 1:12-cv-00098 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR A FAILURE TO OBEY A COURT ORDER** |

**PROCEDURAL BACKGROUND**

Defendant California Department of Corrections and Rehabilitation ("CDCR") removed this action from the Tulare County Superior Court to this Court on January 20, 2012. (Doc. 1.)

Defendant's motion to dismiss (Doc. 6) was granted on February 21, 2012, by District Judge Lawrence J. O'Neill and judgment was entered in Defendant's favor against Plaintiff Steven Ralph Haack. (Doc. 7 & 8.)

Thereafter, the undersigned issued a minute order converting the Initial Scheduling Conference to a Status Conference to be held March 27, 2012. In the minute order, Plaintiff's counsel was expressly directed to be prepared to "address the status of service of the remaining

1

defendants" at that conference. (*See* Doc. 10.) However, Plaintiff's counsel failed to appear on Plaintiff's behalf as directed. (*See* Doc. 11.)

Accordingly, on March 27, 2012, the undersigned issued an Order to Show Cause wherein Plaintiff was ordered to file a written response "on or before **April 2, 2012**, to show cause, if any, why this action should not be dismissed for a failure to follow a Court order." (Doc. 12, emphasis in original.)

Nevertheless, Plaintiff has failed to file a written response as directed.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic alternatives.  *Thompson v Housing Auth.*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  Plaintiff has failed to comply with two orders to date: to attend the status conference and to file a written response to the Order to Show Cause.  There is no reason to believe Plaintiff will begin to comply or otherwise participate in this matter.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  In fact, Plaintiff originally filed his complaint in the Tulare County Superior Court on or about September 22, 2011, naming Defendant CDCR, as well as Kathleen Allison and the Substance Abuse Treatment Facility and State Prison as defendants.  However, there is no evidence that either Ms. Allison or the Substance Abuse Treatment Facility were ever served with the complaint, despite it having been filed nearly 200 days ago.  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*, 833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424.  Here, the Court's order expressly stated: "Failure to respond to this Order to Show Cause within the time specified may also result in dismissal of this action."   (Doc. 12 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of March 27, 2012, and a failure to prosecute the action.

1     These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 of the United States Code section
3 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations,
4 Plaintiff may file written objections with the Court.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6 failure to file objections within the specified time may waive the right to appeal the District
7 Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8

9     IT IS SO ORDERED.

10    Dated:   **April 4, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

4